**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In Re:

VIOLETA T. GARCIA                                        Case No. 15-10887-RAM
A/K/A VIOLETA GARCIA,                                    Chapter 13

      Debtor

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY FOR FAILURE TO PAY POST-PETITION ESCROW PAYMENTS

      By and through its undersigned counsel, Phelan Hallinan Diamond & Jones, PLLC, U.S. Bank Trust National Association, Not in Its Individual Capacity But Solely as Owner Trustee for Carisbrook Asset Holding Trust ("Movant"), its successors and/or assigns, a secured creditor of the above-referenced Debtor, hereby moves the Court for an Order granting relief from stay pursuant to 11 U.S.C. §362(d) and states:

    1.  This Court has jurisdiction over these matters pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(G).

    2.  On January 16, 2015, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

    3.  According to Schedule C, the Debtor has claimed the Property as exempt.

    4.  The real property located at 2927 N. W. 99TH STREET, MIAMI, FL 33147 (hereinafter, the "Property") is legally described as follows:

        **Lot 8, BLOCK 91, AMENDED PLAT OF THE TROPICS ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 10 PAGE 17 OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA.**

5.   Movant is the holder of the Note Secured by the Mortgage encumbering the property claimed by the Debtor to be part of the bankruptcy estate and is a party in interest in this bankruptcy proceeding.

6.   On February 2, 1994, the Debtor executed a Promissory Note in the principal amount of $37,316.00 (herein, the "Note"). A copy of the Note is attached as Exhibit "A" and incorporated by reference.

7.   The Note was secured by a Mortgage which was recorded as Book 16249, Page 3607 on February 16, 1994. A copy of the Mortgage is attached as Exhibit "B" and incorporated by reference.

8.   The post-petition payment address of the Movant is: Round Point Mortgage Servicing Corporation, P.O. Box 19409, Charlotte, NC 28219-9409.

9.   Loan matured March 2019 and Debtor has paid off the entire loan amount. As of December 20, 2019, the Debtor's loan is in default for the escrow advances in the amount of $29,268.97.  An affidavit attesting to the amount of the indebtedness is attached hereto as Exhibit "C".

10. Excluding bankruptcy attorney's fees and costs, the total indebtedness owed as of the bankruptcy filing date is $61,834.91.  An Indebtedness worksheet is attached hereto as Exhibit "D".

11. Debtor's Schedule "A" provide that the property value is $106,704.00.

12. Cause exists to terminate the automatic stay with respect to the Property namely lack of adequate protection, failure to pay escrow for taxes and/or insurance and the Property is not necessary for an effective reorganization.

13. Movant requests a waiver of the fourteen (14) day stay under Rule 4001(a)(3) of the Order granting relief so that Movant may pursue *in rem* remedies without further delay.

14. Movant is entitled to adequate protection of its interests in the subject real property and requests the Court to require the Debtor to make adequate protection payments; and if no such adequate protection can be provided, Movant prays for entry of an Order granting relief from the stay of 11 U.S.C. §362 to permit Movant to proceed with its state court rights.

15. Movant seeks the award of fees and costs of $1,031.00 for the prosecution of this motion as provided for and allowed under the terms of the Mortgage.

16. Movant requests permission to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

17. Movant requests that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

18. Pursuant to Local Rule 9072-1, a Proposed Order accompanies this Motion as Exhibit "E".

WHEREFORE, Movant requests that this Court modify the stay under 11 U.S.C. §362(d) and permit it to proceed with its State Court rights under the terms of the Mortgage and Note, requests that the fourteen-day extension of the stay under Rule 4001(a)(3) be waived, award bankruptcy fees and costs in the amount of $1,031.00, permit it to communicate with the Debtor

and counsel in order to comply with applicable non-bankruptcy law, waiving Federal Rule of

Bankruptcy Procedure 3002.1, and requests such additional relief as is just.

 I hereby certify that I am admitted to the Bar of the United States District Court for the

Southern District of Florida and I am in compliance with the additional qualifications to practice

in this court set forth in Local Rule 2090-1(A).

/s/ Stefan Beuge, Esquire
Stefan Beuge, Esq., Florida Bar No. 68234
Phelan Hallinan Diamond & Jones, PLLC
2001 NW 64th Street
Suite 100
Ft. Lauderdale, FL 33309
Tel: 954-462-7000 Ext. 56588
Fax: 954-462-7001
Email: stefan.beuge@phelanhallinan.com
FLSD.bankruptcy@phelanhallinan.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing, and any

applicable exhibits attached thereto, has been served electronically, or routed for service by U.S.

Mail, to the following:

VIOLETA T GARCIA
A/K/A VIOLETA GARCIA
2927 NW 99TH STREET
MIAMI, FL 33147-2029

ROBERT SANCHEZ, ESQ
355 W 49 ST.
HIALEAH, FL 33012

NANCY K. NEIDICH, (TRUSTEE)
POB 279806
MIRAMAR, FL 33027

UNITED STATES TRUSTEE (SERVED ELECTRONICALLY)
OFFICE OF THE UNITED STATES TRUSTEE
51 S.W. 1ST AVE.
SUITE 1204
MIAMI, FL 33130

Date: January 24, 2020

/s/ Stefan Beuge, Esquire
Stefan Beuge, Esq., Florida Bar No. 68234
Phelan Hallinan Diamond & Jones, PLLC
2001 NW 64th Street
Suite 100
Ft. Lauderdale, FL 33309
Tel: 954-462-7000 Ext. 56588
Fax: 954-462-7001
Email: stefan.beuge@phelanhallinan.com
FLSD.bankruptcy@phelanhallinan.com

PH # 100714

# Exhibit "A"

# EXHIBIT A

Multistate

## NOTE

FHA Case No.

FEBRUARY 2ND , 19 94

2927 N. W. 99TH STREET, MIAMI, FLORIDA 33147
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means

MORTGAGE BANKERS GROUP, INC.

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of  THIRTY SEVEN THOUSAND THREE HUNDRED SIXTEEN AND NO/100——— Dollars (U.S. $ 37,316.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of SEVEN AND ONE HALF per cent ( 7.500 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on APRIL 1ST, 1994 . Any principal and interest remaining on the first day of MARCH 1ST, 2019 , will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at 782 N. LEJEUNE ROAD SUITE 530, MIAMI, FLORIDA 33126 or at such other place as Lender may designate in writing by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of $ 275.77 This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.

## 6. BORROWER'S FAILURE TO PAY

(A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND NO/100 per cent ( 4.000 %) of the overdue amount of each payment.

(B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____(Seal)
EFRAIN GARCIA                                    -Borrower

_____(Seal)
                                                 -Borrower

WITHOUT RECOURSE, PAY TO THE ORDER OF

_____(Seal)
                                                 -Borrower

NationsBanc Mortgage Corporation
J. I. KISLAK MORTGAGE CORPORATION

By _____        _____(Seal)
        AUTHORIZED SIGNATURE                                      -Borrower

CYNDI KORF, ASST. VICE PRESIDENT
7900 MIAMI LAKES DRIVE WEST
MIAMI, FLORIDA  33016

WITHOUT RECOURSE, PAY TO THE ORDER OF
J. I. KISLAK MORTGAGE CORPORATION
MORTGAGE BANKERS GROUP, INC.

By: _____
MARY ANN SAUMELL, VICE PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE
NationsBanc Mortgage Corporation

By _____
DANIEL F. WILLIAMS
SR. VICE PRESIDENT

AAFN2G  -  June 9, 1992  TFC                Page 2 of 2                Doc Prep Plus, Inc.
                                                                      FHA Multistate Rate Note

# Exhibit "B"



I HEREBY CERTIFY THAT THIS MICROPHOTOGRAPH IS A TRUE COPY OF THE ORIGINAL
DOCUMENT AND WAS MICROFILMED IN THE REGULAR COURSE OF BUSINESS, AND THAT
THE PHOTOGRAPHIC PROCESSES USED FOR MICROFILMING WERE ACCOMPLISHED IN A
MANNER AND ON MICROFILM WHICH MEETS THE RECOMMENDED REQUIREMENT OF THE
AMERICAN NATIONAL STANDARDS INSTITUTE FOR PERMANENT MICROPHOTOGRAPHIC
REPRODUCTIONS.

DATE MICROFILMED    COURTHOUSE TOWER    CAMERA OPERATOR
                    LOCATION
                                        DEPUTY CLERK, CIRCUIT ·    WDT

OFF.
REC. 16249PG360

94R078253 1994 FEB 16 11:46

Prepared by: MARIA NUNEZ
MORTGAGE BANKERS GROUP, INC.
782 N. LEJUENE ROAD SUITE 530
MIAMI, FLORIDA 33126

DOCSTPMTG    130.90 INTNG    74.63
HARVEY RUVIN,    CLERK DADE COUNTY, FL

[Space Above This Line For Recording Data]

FHA Case No.

**State of Florida**                   **MORTGAGE**

Loan ID

THIS MORTGAGE ("Security Instrument") is given on    FEBRUARY  2ND,  1994
The Mortgagor is

EFRAIN GARCIA, JOINED BY VIOLETA GARCIA, his wife.

2927 N. W. 99TH STREET, MIAMI, FLORIDA 33147    , whose address is

("Borrower"). This Security Instrument is given to

MORTGAGE BANKERS GROUP, INC.

which is organized and existing under the laws of    THE STATE OF FLORIDA
and whose address is 782 N. LEJUENE ROAD SUITE 530, MIAMI, FLORIDA 33126
("Lender"). Borrower owes Lender the principal sum of
THIRTY SEVEN THOUSAND THREE HUNDRED SIXTEEN AND NO/100————
Dollars (U.S. $    37,316.00 ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
MARCH  1ST,  2019    . This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums,
with interest, advanced under paragraph 6 to protect the security of this Security Instrument; and (c) the performance
of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower
does hereby mortgage, grant and convey to Lender the following described property located in
                                    DADE    County, Florida:

LOT 8, BLOCK 91, AMENDED PLAT OF THE TROPICS ACCORDING TO THE PLAT THEREOF
RECORDED IN PLAT BOOK 10 PAGE 17 OF THE PUBLIC RECORDS OF DADE COUNTY,
FLORIDA.

which has the address of 2927 N. W. 99TH STREET    , MIAMI
                                                    [Street, City],
Florida    33147    ("Property Address");
        [Zip Code]
   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or
hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All
of the foregoing is referred to in this Security Instrument as the "Property."

   BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

FLFM1G - January 19, 1993            *Page 1 of 5*            Doc Prep Plus, Inc.

                                                            Initials

I HEREBY CERTIFY THAT THIS MICROPHOTOGRAPH IS A TRUE COPY OF THE ORIGINAL
DOCUMENT AND WAS MICROFILMED IN THE REGULAR COURSE OF BUSINESS, AND THAT
THE PHOTOGRAPHIC PROCESSES USED FOR MICROFILMING WERE ACCOMPLISHED IN A
MANNER AND ON MICROFILM WHICH MEETS THE RECOMMENDED REQUIREMENT OF THE
AMERICAN NATIONAL STANDARDS INSTITUTE FOR PERMANENT MICROPHOTOGRAPHIC
REPRODUCTIONS.

DATE MICROFILMED    COURTHOUSE TOWER    CAMERA OPERATOR
                    LOCATION            DEPUTY CLERK, CIRCUIT COURT

OFF.
REC: 16249PG3608

Loan ID#

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payments of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, an installment of any (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required by Paragraph 4.

Each monthly installment for items (a), (b), and (c) shall equal one-twelfth of the annual amounts, as reasonably estimated by Lender, plus an amount sufficient to maintain an additional balance of not more than one-sixth of the estimated amounts. The full annual amount for each item shall be accumulated by Lender within a period ending one month before an item would become delinquent. Lender shall hold the amounts collected in trust to pay items (a), (b), and (c) before they become delinquent.

If at any time the total of the payments held by Lender for items (a), (b), and (c), together with the future monthly payments for such items payable to Lender prior to the due dates of such items, exceeds by more than one-sixth the estimated amount of payments required to pay such items when due, and if payments on the Note are current, then Lender shall either refund the excess over one-sixth of the estimated payments or credit the excess over one-sixth of the estimated payments to subsequent payments by Borrower, at the option of Borrower. If the total of the payments made by Borrower for item (a), (b), or (c) is insufficient to pay the item when due, then Borrower shall pay to Lender any amount necessary to make up the deficiency on or before the date the item becomes due.

As used in this Security Instrument, "Secretary" means the Secretary of Housing and Urban Development or his or her designee. In any year in which Lender must pay a mortgage insurance premium to the Secretary "or any year in which such premium would have been required if the Lender still held the Security Instrument", each monthly payment shall also include either: (i) an installment of the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary. Each monthly installment of the mortgage insurance premium shall be in an amount sufficient to accumulate the full annual mortgage insurance premium with Lender one month prior to the date the full annual mortgage insurance premium is due to the Secretary, or if this Security Instrument is held by the Secretary, each monthly charge shall be in an amount equal to one-twelfth of one-half percent of the outstanding principal balance due on the Note.

If Borrower tenders to Lender the full payment of all sums secured by this Security Instrument, Borrower's account shall be credited with the balance remaining for all installments for items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:
First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;
Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;
Third, to interest due under the Note;
Fourth, to amortization of the principal of the Note;
Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

FLFM2G - January 19, 1993                Page 2 of 5

Doc Prep Plus, Inc.
Initials

I HEREBY CERTIFY THAT THIS MICROPHOTOGRAPH IS A TRUE COPY OF THE ORIGINAL
DOCUMENT AND WAS MICROFILMED IN THE REGULAR COURSE OF BUSINESS, AND THAT
THE PHOTOGRAPHIC PROCESSES USED FOR MICROFILMING WERE ACCOMPLISHED IN A
MANNER AND ON MICROFILM WHICH MEETS THE RECOMMENDED REQUIREMENT OF THE
AMERICAN NATIONAL STANDARDS INSTITUTE FOR PERMANENT MICROPHOTOGRAPHIC
REPRODUCTIONS.

DATE MICROFILMED    COURTHOUSE TOWER
LOCATION            CAMERA OPERATOR
DEPUTY CLERK, CIRCUIT COURT

OFF: 16249PG3609

Loan ID#

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.**
Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Secretary determines this requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lenders of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the property if the property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds For Acceleration of Debt.**

(a) Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:
(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent) by the Borrower, and
(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that should this Security Instrument and the Note secured thereby not be eligible for insurance under the National Housing Act within sixty (60) days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 9, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to sixty (60) days from the date hereof, declining to insure this Security Instrument and the Note secured thereby, shall be deemed conclusive proof of such ineligibility.

Doc Prep Plus, Inc.
Initials:

I HEREBY CERTIFY THAT THIS MICROPHOTOGRAPH IS A TRUE COPY OF THE ORIGINAL DOCUMENT AND WAS MICROFILMED IN THE REGULAR COURSE OF BUSINESS, AND THAT THE PHOTOGRAPHIC PROCESSES USED FOR MICROFILMING WERE ACCOMPLISHED IN A MANNER AND ON MICROFILM WHICH MEETS THE RECOMMENDED REQUIREMENT OF THE AMERICAN NATIONAL STANDARDS INSTITUTE FOR PERMANENT MICROPHOTOGRAPHIC REPRODUCTIONS.

DATE MICROFILMED    COURTHOUSE TOWER
LOCATION    CAMERA OPERATOR
DEPUTY CLERK, CIRCUIT COURT

REC: 16249PF3610

Loan ID

Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9.b. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. Borrower's Copy. Borrower shall be given one conformed copy of this Security Instrument.

16. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agent. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 16.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this paragraph 17, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

FLFM4G - January 19, 1993    Page 4 of 5    Doc Prep Plus, Inc.
Initials:

I HEREBY CERTIFY THAT THIS MICROPHOTOGRAPH IS A TRUE COPY OF THE ORIGINAL DOCUMENT AND WAS MICROFILMED IN THE REGULAR COURSE OF BUSINESS, AND THAT THE PHOTOGRAPHIC PROCESSES USED FOR MICROFILMING WERE ACCOMPLISHED IN A MANNER AND ON MICROFILM WHICH MEETS THE RECOMMENDED REQUIREMENT OF THE AMERICAN NATIONAL STANDARDS INSTITUTE FOR PERMANENT MICROPHOTOGRAPHIC REPRODUCTIONS.

DATE MICROFILMED    COURTHOUSE TOWER
LOCATION    CAMERA OPERATOR
DEPUTY CLERK, CIRCUIT COURT

OFF. REC: 16249PG3611    Loan ID#

**18. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**19. Attorneys' Fees.** As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

**20. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider  ☐ Graduated Payment Rider  ☐ Other [Specify]
☐ Planned Unit Development Rider  ☐ Growing Equity Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

GLADYS HERNANDEZ

Julissa Duarte

EFRAIN GARCIA    (Seal) -Borrower

VIOLETA GARCIA    (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

**STATE OF FLORIDA**
**COUNTY OF** DADE  }ss:

The foregoing instrument was acknowledged before me this 2ND day of FEBRUARY, 1994 by EFRAIN GARCIA JOINED BY VIOLETA GARCIA, his wife.

who is personally known to me or who has produced a valid Fl. drivers license as identification and who did _____ take an oath.

LUCIA N. GOMEZ    -Notary Public

RECORDED IN OFFICIAL RECORDS BOOK OF DADE COUNTY, FLORIDA. RECORD VERIFIED
HARVEY RUVIN,
Clerk of Circuit & County Courts

FLFMSG - January 19, 1993    *Page 5 of 5*    Doc Prep Plus, Inc. Initials:_____

DATE MICROFILMED    LOCATION    CAMERA OPERATOR
DEPUTY CLERK, CIRCUIT COURT

**Name:**
J.I. KISLAK MORTGAGE CORP.
7900 Miami Lakes Drive West
Miami Fl 33016
Attn: SPD DEPt.
re: Kislak Loan#

ASSIGNMENT OF MORTGAGE
FROM CORPORATION

OFF. 16249 PG 3612
REC.

94R078254 1994 FEB 16 11:46

This Instrument Prepared by: Mortgage Bankers Group

**Address** 782 N. Le Jeune Road Suite 530
Miami Fl 33126

Property Appraisers Parcel Identification (Folio) Number(s):

SPACE ABOVE THIS LINE FOR PROCESSING DATA — SPACE ABOVE THIS LINE FOR RECORDING DATA

# Know All Men By These Presents:

That MORTGAGE BANKERS GROUP INC.

a corporation existing under the laws of the State of FLORIDA                    , party
of the first part, in consideration of the sum of
ten dollars and no cents ----------------------------------------------- Dollars,
and other valuable considerations, received from or on behalf of
J.I. KISLAK MORTGAGE CORPORATION                    , part
of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby
acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the said part        of the
second part a certain mortgage bearing date the    2nd        day of FEBRUARY      A.D. 19 94  made
by   EFRAIN GARCIA JOINED BY VIOLETA GARCIA, HIS WIFE.

in favor of MORTGAGE BANKERS GROUP INC.
and recorded in Official Records Book 94R078253, page        , public records of
      DADE   County, State of   FLORIDA      , upon the following described piece or parcel of land,
situate and being in said County and State, to-wit:

LOT 8, BLOCK 91, AMENDED PLAT OF THE TROPICS ACCORDING TO THE
PLAT THEREOF RECORDED IN PLAT BOOK 10 PAGE 17 OF THE PUBLIC
RECORDS OF DADE COUNTY, FLORIDA.

Together with the note   or obligation   described in said mortgage, and the moneys due and to become due
thereon, with interest from the        2nd   day of FEBRUARY   . 19 9 4.

To Have and to Hold the same unto the said part        of the second part,
heirs, legal representatives, successors and assigns forever.

In Witness Whereof. The party of the first part has caused
these presents to be executed in its name, and its corporate seal to be
hereunto affixed, by its proper officers thereunto duly authorized,
the        2nd  day of FEBRUARY  . A.D. 19 94

(CORPORATE SEAL)

MORTGAGE BANKERS GROUP INC.

ATTEST:
Mary P. Saumell, Vice President

Signed, sealed and delivered in the presence of:

Witness Signature (as to President)
Cecili La De Leon
Printed Name

Alejandro De Leon
Printed Name

Witness Signature (as to President)
Julia Gipp
Printed Name

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN,
Clerk of Circuit & County
Courts

**STATE OF** FLORIDA
**COUNTY OF** DADE

I hereby certify that on this day, before me, an officer duly authorized
to administer oaths and take acknowledgments, personally appeared
Alejandro De Leon

and Mary P. Saumell _____ known to me to be the XX President and Vice President
respectively of  MORTGAGE BANKERS GROUP INC.        , the corporation in whose name
the foregoing instrument was executed, and that  they  severally acknowledged executing the same for such corporation, freely
and voluntarily, under authority duly vested in them by said corporation, and that the seal affixed thereto is the true corporate
seal of said corporation, that I relied upon the following form of identification of the above-named person
Florida Drivers License _____ and that an oath (was)(was not) taken.

NOTARY RUBBER STAMP SEAL

Witness my hand and official seal in the County and State last aforesaid
this  2nd  day of  FEBRUARY  A.D. 19 94

Notary Public State of Florida
My Commission Expires May 24, 1994
Bonded thru Maynard Bonding Agency

Notary Signature
Leona Martinez
Printed Notary Signature

**RECORDING REQUESTED BY/**
**PREPARED BY/AFTER RECORDING**
**RETURN TO:**

OFF. 17383PG0297
REC.

**MMSI/Attn. Sherry Doza**
**1990 Post Oak Blvd., Suite 1080**
**Houston, Texas 77056**
**Tel. (800) 795-5263**

96R459770 1996 OCT 08 12:07

Pool:
Loan Number
Nations:

(Space Above this Line For Recorder's Use Only)

# ASSIGNMENT of MORTGAGE

**STATE OF FLORIDA**                          KNOW ALL MEN BY THESE PRESENTS:
**COUNTY OF DADE**

That J.I. KISLAK MORTGAGE CORPORATION ('Assignor') acting herein by and through a duly authorized officer, the owner and holder of one certain promissory note executed by EFRAIN GARCIA AND VIOLETA GARCIA ('Borrower(s)') secured by a Mortgage therewith executed by Borrower(s)   for the benefit of the holder of the said note, which  Mortgage was recorded on the lot(s), or parcel(s) of land described therein situated and recorded in the County of Dade,  State of Florida:

   **Recording Ref:   Book 16249, Page No. 3607**

For and in consideration of the sum of Ten and No/100 dollars ($10.00), and other good valuable and sufficient consideration paid, the receipt of which is hereby acknowledged, does hereby transfer and assign, set over and deliver unto NATIONSBANC MORTGAGE CORPORATION (Assignee) all beneficial interest in and to title to said Mortgage, together with the note and all other liens against said property securing the payment thereof, and all title held by the undersigned in and to said land.

TO HAVE AND TO HOLD unto said Assignee said above described Mortgage and note, together with all and singular the liens, rights, equities, title and estate in said real estate therein described securing the payment thereof, or otherwise.

Executed this the 26 day of August A.D. 1996

Witness: _DEWANNA PETITT_

Witness: _STEPHANIE LEGE_

J.I. KISLAK MORTGAGE CORPORATION

By: _____
SHERRY DOZA
VICE PRESIDENT

THE STATE OF TEXAS
COUNTY OF HARRIS

On this the 26 day of August A.D. 1996, before me, a Notary Public, appeared SHERRY DOZA to me personally known, who being by me duly sworn, did say that (s)he is the VICE PRESIDENT of J.I. KISLAK MORTGAGE CORPORATION, a  corporation, and that said instrument was signed on behalf of said corporation by authority of its Board of Directors, and said SHERRY DOZA acknowledged said instrument to be the free act and deed of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

Assignee's Address:
205 PARK CLUB LANE
BUFFALO, NY  14231

Assignor's Address:
14750 PALMETTO FRONTAGE ROAD
MIAMI LAKES, FLORIDA 33016-5897

Joyce Williams
Notary Public
STATE OF TEXAS
My Comm. Exp. 10 10 98

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
**HARVEY RUVIN**
CLERK CIRCUIT COURT

CFN: 20140789922 BOOK 29391 PAGE 4816
DATE: 01/24/20 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Recording Requested By:
**Bank of America, N.A.**
Prepared By: **Diana De Avila**
**800-444-4302**
When recorded mail to:
**Avenue 365**
**C/O Matt Stubbe**
**401 Plymouth Road Suite 550**
████████████████

Property Address:
**2927 N. W. 99th STREET**
**Miami, FL 33147**

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby sell, assign, transfer and convey unto **SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET S.W., WASHINGTON, DC 20410** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary:           **MORTGAGE BANKERS GROUP, INC.**
Original Borrower(s):    **EFRAIN GARCIA, JOINED BY VIOLETA GARCIA, HIS WIFE**
Date of Mortgage:      2/2/1994
Original Loan Amount:   **$37,316.00**
Recorded in **Miami-Dade County, FL** on: **2/16/1994**, book **16249**, page **3607** and instrument number **94R078253**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
___OCT 2 9 2014___

**BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO BA MORTGAGE, LLC, SUCCESSOR BY MERGER TO NATIONSBANC MORTGAGE CORPORATION**

By: _____        By: _____
**Yong Ly**                                 **Amparo Mayorga**
**Assistant Vice President**               **Assistant Vice President**

Witness: ___Marivel Castro___        Witness: **Ralph Flores**

State of **California**
County of **Ventura**

On ___OCT 2 9 2014___ before me, **Shannon M. Mayfield** _____, Notary Public, personally appeared **Yong Ly** and **Amparo Mayorga**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: ___Shannon M. Mayfield___ (Seal)
My Commission Expires: ___1|5|2017___

SHANNON M. MAYFIELD
Commission ████████
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2017

CFN: 20190207212 BOOK 31388 PAGE 4324
DATE:04/03/2019  11:20:58 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Recording Requested By:
Mission Global, LLC - 25 Capital

When Recorded Return To:

B. Ferrito
Mission Global, LLC
5701 E. Hillsborough Avenue
Ste 2327
Tampa, FL  33610

## CORPORATE ASSIGNMENT OF MORTGAGE

**Miami-Dade, Florida**
**Mission Global LLC - 25 Capital#:** ⬛⬛⬛⬛ 'GARCIA,"

Date of Assignment: March 25th, 2019
Assignor: THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY 25 CAPITAL RESIDENTIAL
MORTGAGE OPPORTUNITIES MASTER FUND, LLC ITS ATTORNEY-IN-FACT, with the lending institution having
an address of 451 7TH STREET S.W., WASHINGTON, DC  20410
Assignee: U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS
OWNER TRUSTEE FOR CARISBROOK ASSET HOLDING TRUST at 300 DELAWARE AVENUE, 9TH FLOOR,
WILMINGTON, DE  19801
Executed by: EFRAIN GARCIA, JOINED BY VIOLETA GARCIA, HIS WIFE  To: MORTGAGE BANKERS GROUP,
INC.
Dated: 02-02-1994 Recorded: 02-16-1994 as Instrument No. 94R078253, Book/Reel/Liber 16249, Page/Folio 3607
In the County of Miami-Dade, State of Florida.

Property Address: 2927 N. W. 99TH STREET,, MIAMI, FL  33147

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage, together with the certain Note(s), having an original principal sum of $37,316.00 with interest, secured
thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said
Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY 25 CAPITAL RESIDENTIAL MORTGAGE
OPPORTUNITIES MASTER FUND, LLC ITS ATTORNEY-IN-FACT
On 03/26/2019

By: _____
Shaun Ahmad, President

STATE OF North Carolina
COUNTY OF Mecklenburg

On 03/26/2019 _____, before me, Alyssa Fluke , a Notary Public in and for
Mecklenburg _____ in the State of NC,l, personally appeared Shaun Ahmad, President, personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
Alyssa Fluke

ALYSSA R FLUKE
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
May 25, 2022
(This area for notarial seal)

# Exhibit "C"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:

VIOLETA T GARCIA                                    Case No. 15-10887-RAM
A/K/A VIOLETA GARCIA,                               Chapter 13

          Debtor
_____/

### AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared *Sylvia Granthmn*
who, being duly sworn, deposes and says:

1.      I am employed by Roundpoint Mortgage Servicing Corporation.  My title is
*BK Oversight Specialist*

2.      I have personal knowledge of all facts set forth in this affidavit based on the
business records of Roundpoint Mortgage Servicing Corporation as servicer for U.S. Bank Trust
National Association, not in its individual capacity but solely as Owner Trustee for Carisbrook
Asset Holding Trust.

3.      The debtor's loan, whose last four digits are numbered 4801, is being serviced by
Roundpoint Mortgage Servicing Corporation.  The loan represented by this account is secured by
a mortgage on the following described property:    2927 N. W. 99TH STREET, MIAMI, FL
33147.

4.      The amount of the indebtedness and the nature and extent of default set forth in
this affidavit is information derived from records that were made at or near the time of the
occurrence of the matters set forth by, or from information transmitted by, a person with
knowledge of those matters. These records are regularly maintained in the course of business of

PH # 100714                                    1

Roundpoint Mortgage Servicing Corporation as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for Carisbrook Asset Holding Trust, and it is the regular practice of Roundpoint Mortgage Servicing Corporation as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for Carisbrook Asset Holding Trust to make and maintain these records. These records were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice. I regularly use and rely upon those records in the performance of my duties.

5.    There is due and owing to Roundpoint Mortgage Servicing Corporation as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for Carisbrook Asset Holding Trust the escrow advance in the amount of $29,268.97 as of December 20, 2019.

6.    There is due and owing to Roundpoint Mortgage Servicing Corporation as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for Carisbrook Asset Holding Trust the principal amount of $8,356.46 together with interest and other expenses.

7.    The copies of the promissory note and mortgage attached as exhibits to the Motion for Relief from Stay are true and accurate copies of the original documents.

8.    This affidavit is signed under penalty of perjury as being true and correct based on personal knowledge of Roundpoint Mortgage Servicing Corporation as servicer for U.S. Bank

Trust National Association, not in its individual capacity but solely as Owner Trustee for Carisbrook Asset Holding Trust's books and business records.

Roundpoint Mortgage Servicing
Corporation as servicer for U.S. Bank Trust
National Association, not in its individual
capacity but solely as Owner Trustee for
Carisbrook Asset Holding Trust

SWORN TO AND SUBSCRIBED before me this 23rd day of January, 2020 by Sylvia Branthin who is BK OVERSIGHT Specialist of Roundpoint Mortgage Servicing Corporation, and who is personally known to me.

Notary Public
My commission expires:

07/18/2029

DEITRICE HEMPHILL
Notary Public-State of South Carolina
My Commission Expires
July 18, 2029

# Exhibit "D"

In Re:

VIOLETA T GARCIA                                         Case No. 15-10887-RAM
A/K/A VIOLETA GARCIA,                                    Chapter 13

       Debtor

_____/

### INDEBTEDNESS WORKSHEET
### DEBT AS OF THE PETITION DATE

**A.**    **Total pre-petition indebtedness of debtor(s) to Movant as of the petition filing date: $61,834.91.**

    1.    Amount of principal:  $22,123.36

    2.    Amount of interest:    $8,917.47

    3.    Amount of escrow (taxes and insurance):     $27,368.33

    4.    Amount of force-placed insurance expended by movant: $0.00

    5.    Amount of attorneys' fees billed to debtor(s) pre-petition: $2,310.00

    6.    Amount of pre-petition late fees billed to debtor(s): $0.00

    7.    Any additional pre-petition fees, charges or amounts charged to debtors/debtors account and not listed above:  Filing fees and court costs $720.75, Title Costs $250.00, Appraisal/BPO Fees $85.00, Property Inspection Fees $60.00

**B.**    **Contractual interest rate:** currently 7.5%

### AMOUNT OF ALLEGED POST-PETITION DEFAULT
### (AS OF December 20, 2019)

**C.**    **Date last payment was received: N/A**

**D.**    **Alleged total number of payments due post-petition:  N/A**

**E.**    **All post-petition payments alleged to be in default:**

| Alleged Amount Due Date | Alleged Amount Due | Amount Received | Amount Applied To Principal | Amount Applied To Interest | Amount Applied To Escrow | Late Fee Charged (if any) |
|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |

PH # 100714                                         1

| | N/A | N/A | N/A | N/A | N/A | N/A |
|---|---|---|---|---|---|---|
| **Totals N/A** | | | | | | |

**F.**   **Amount of movant's attorneys fees billed to debtor for the preparation, filing and prosecution of this motion:** $850.00

**G.**   **Amount of movant's filing fee for this motion:** $181.00

**H.**   **Other attorneys' fees billed to debtor post-petition:** N/A

**I.**   **Amount of movant's post-petition inspection fees:** N/A

**J.**   **Amount of movant's post-petition appraisal broker's price opinion:** N/A

**K.**   **Amount of force-placed insurance or insurance provided by movant post-petition:** N/A

**L.**   **Sum held in suspense by movant in connection with this contract, if applicable** N/A

**M.**   **Amount of other post-petition advances or charges, eg taxes, insurance, incurred by debtor (itemize each charge):** Escrow Advance $29,268.97 as of December 20, 2019

| Description | Transaction Date | Amount |
|---|---|---|
| Hazard Insurance | 9/3/2015 | $3,823.00 |
| County Tax | 11/10/2015 | $934.08 |
| Flood Insurance | 12/15/2015 | $389.00 |
| Hazard Insurance | 8/23/2016 | $3,935.00 |
| County Tax | 11/15/2016 | $920.25 |
| Flood Insurance | 12/30/2016 | $394.00 |
| Hazard Insurance | 8/30/2017 | $4,336.00 |
| County Tax | 11/29/2017 | $938.35 |
| Flood Insurance | 12/19/2017 | $394.00 |
| Hazard Insurance | 9/20/2018 | $5,168.00 |
| County Tax | 11/16/2018 | $933.02 |
| Flood Insurance | 12/21/2018 | $395.00 |
| Hazard Insurance | 8/21/2019 | $5,319.00 |
| County Tax | 11/13/2019 | $993.27 |
| Flood Insurance | 12/16/2019 | $397.00 |
| **Total** | | **$29,268.97** |

# Exhibit "E"

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In Re:

VIOLETA T. GARCIA                                    Case No. 15-10887-RAM
A/K/A VIOLETA GARCIA,                          Chapter 13

      Debtor

_____/

**PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM STAY FOR**
**FAILURE TO PAY POST-PETITION ESCROW PAYMENTS FILED BY U.S. BANK**
**TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT**
**SOLELY AS OWNER TRUSTEE FOR CARISBROOK ASSET HOLDING TRUST**

      THIS CASE came on for hearing on _____, upon the Motion for

Relief from Stay for Failure to pay Post-petition Escrow Payments filed by U.S. BANK TRUST

NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

OWNER TRUSTEE FOR CARISBROOK ASSET HOLDING TRUST (Docket No._____).

Based upon the record, it is:

      **ORDERED:**

1.  Secured Creditor's Motion for Relief from the Automatic Stay is Granted.

2.  The automatic stay imposed by 11 U.S.C. § 362 is lifted with respect to real property located at:

**Lot 8, BLOCK 91, AMENDED PLAT OF THE TROPICS ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 10 PAGE 17 OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA.**

**PROPERTY ALSO DESCRIBED AS:**
**2927 N. W. 99TH STREET, MIAMI, FL 33147**

3.  This Order lifting the automatic stay is entered for the sole purpose of allowing Secured Creditor to pursue its lawful *in rem* remedies as to the above-described property and said creditor shall neither seek nor obtain an *in personam* judgment against the Debtor(s).

4.  Secured Creditor is hereby awarded attorney's fees and costs of up to $1,031.00 for the prosecution of its Motion for Relief from the Automatic Stay and said fees and costs shall be recoverable as part of the mortgage debt pursuant to the loan documents under the remedies available therein.

5.  All communications sent by Secured Creditor in connection with proceeding against the property including, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to the Debtor(s).

6.    The Movant's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

# # #

**Submitted by:**
Stefan Beuge, Esq., Florida Bar No. 68234
Phelan Hallinan Diamond & Jones, PLLC
2001 NW 64th Street
Suite 100
Ft. Lauderdale, FL 33309
Tel: 954-462-7000 Ext. 56588
Fax: 954-462-7001
Email: stefan.beuge@phelanhallinan.com
FLSD.bankruptcy@phelanhallinan.com

The party submitting the order shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).